**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4653-16T1

VAHE KARAJELIAN AND ANTRANIK
KARAJELIAN,

    Plaintiffs-Appellants,

v.

PARMINDER SINGH TALWAR,

    Defendant-Respondent.

_____

        Submitted June 18, 2018 — Decided July 5, 2018

        Before Judges Fisher and Fasciale.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Docket No.
        L-3131-16.

        Beylerian & Associates, LLP, attorneys for
        appellants (Zareh H. Beylerian, on the brief).

        Timothy N. Tuttle, attorney for respondent.

PER CURIAM

    Plaintiffs appeal from a May 25, 2017 final judgment determining the fair market rental value of premises leased by defendant. We affirm.

Plaintiffs own a gasoline station in Hackensack, New Jersey. In 2005, plaintiffs leased the gasoline pumps to defendant. The lease agreement was for ten years with a monthly rental payment of $2500, and an option to renew for an additional ten years. The lease agreement stated that in the event of defendant's decision to renew, "[a]ll terms and conditions of this [l]ease agreement shall remain the same, except that the annual rent shall [be] adjusted to reflect prevailing market rates in the year of renewal, and increased each year thereafter by three . . . percent per year."

Defendant provided plaintiffs with timely and proper notice of his intention to renew the lease. Plaintiffs notified defendant that the fair market rental value was $7500 per month, and defendant disagreed. The parties were unable to resolve their dispute, resulting in plaintiffs filing their verified complaint.

The judge conducted a bench trial, and both parties provided expert testimony concerning the fair market rental value of the gasoline pumps. The experts agreed that the fair market rental value should be between twenty-five and thirty-five percent of the gross profit from gasoline sold at the pumps. The judge determined the monthly profit to be between $17,000 and $18,000 based upon defendant's testimony. The judge found that based upon the annual three percent escalation clause that a reasonable fair market

A-4653-16T1

rental value was twenty-five percent of the gross profits, equivalent to $4500 per month.

Plaintiffs contend that the judge erred in determining the reasonable fair market rental value of the gasoline pumps, and that the fair market rental value is higher than $4500 per month.

Our standard of review requires deference to a judge's findings "unless they are so wholly unsupportable as to result in a denial of justice." Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div.), aff'd o.b., 33 N.J. 78 (1960); see also Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). We conclude there exists sufficient credible evidence in the record to support the judge's findings.

The judge determined the fair market rental value using a formula proposed by both parties' expert witnesses. The experts disputed the figures to be used in the formula, and the judge instead used the figures provided by defendant's "candid[]" testimony. The judge applied the experts' formula, and determined that the reasonable fair market rental value to be twenty-five percent of the gross profits because it was not "commercially-reasonable to make the rent in year one at the high[-]end or even mid-end . . . because the rent is going to increase by a little more than [thirty] percent" due to the escalation clause.

A-4653-16T1

Plaintiffs failed to evince that the judge erred in his determination of the fair market rental value. The judge determined the amount with the formula supplied by both parties' experts and the figures provided by defendant's testimony, which the judge determined to be credible.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4653-16T1